## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| STATE OF OKLAHOMA, ex rel. | ) | |
| TONY AND TINA AVALLONE, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-156-SPS |
| | ) | |
| HOMEBASED SERVICES & | ) | |
| RESOURCES, INC., and AMY | ) | |
| KESNER, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter comes before the Court on motion by Defendant Homebased Services & Resources, Inc. ("HSR") for dismissal of the Plaintiffs' Complaint for failure to state a claim and failure to plead with particularity. For the reasons set forth below, the Court finds that the Defendant Homebased Services & Resources, Inc.'s Motion to Dismiss [Docket No. 25] should be hereby **GRANTED**.

## BACKGROUND

In this qui tam action, Plaintiffs Tony and Tina Avallone allege that they became therapeutic foster care parents in Oklahoma in 2012, and that three children ("the DeCosta Children") were placed in their home for therapeutic foster care. They further allege that Defendants HSR and Kesner submitted false claims to Medicaid through the Oklahoma Department of Human Services between 2012 and 2015. *See* Docket No. 4. The Complaint

then sets out a claim for violation of the False Claims Act, 31 U.S.C. §§ 3701(a)(1) and (a)(2). The Defendant HSR has moved to dismiss the Complaint. The Court agrees that the Motion to Dismiss should be granted, and that the Plaintiffs be give fourteen days to file a Second Amended Complaint.

## ANALYSIS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but the statement of the claim under Rule 8(a)(2) must be "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *citing Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), *citing Papasan v. Allain,* 478 U.S. 265, 286 (1986). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement . . . To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678, *quoting Twombly*, 550 U.S. at 555-557, 570 [internal quotation marks omitted]. "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in h[is] complaint, the elements of each alleged cause of action help to determine whether Plaintiff has set forth a

plausible claim." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012). This requires a determination as to "whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007), *quoting Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007).

Furthermore, under Fed. R. Civ. P. 9(b), "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." In this case, Plaintiffs allege that the Defendants "submitted false claims to Medicaid through the Oklahoma Department of Human Services," including "multiple occasions where [Plaintiffs] were out of town with the DeCosta Children or otherwise totally unavailable so that services charged could not have been rendered to the DeCosta Children." Docket No. 4, pp. 7, ¶¶ 30-31. They therefore assert that the "Defendants knowingly presented or caused to be presented to the United States Government and the State of Oklahoma false or fraudulent claims for the payment or approval of therapeutic foster care services[,]" and that "Defendants knowingly made, used, or caused to be made or used false records or statements to cause a false or fraudulent claim to be paid or approved by the United States Government and the State of Oklahoma." *Id.*, p. 8, ¶¶ 33-34.

Having reviewed the Plaintiffs' claims, the Court finds that they do not set forth sufficient detail to satisfy the claims alleged. Indeed, Plaintiffs have acknowledged this deficiency in their response to Defendant HSR's Motion to Dismiss. *See* Docket No. 32, p. 3. The Court therefore finds that the Plaintiffs have not alleged fraud with sufficient

specificity, as required by the rules and Tenth Circuit case law. *See Fed. R. Civ. P. 9(b)* ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally."). *See also Koch v. Koch Industries, Inc.*, 203 F.3d 1202, 1236 (10th Cir. 2000) (In the Tenth Circuit, a Complaint must "set forth the time, place and contents of the false representation, the identity of the party making the false statements and the consequences thereof."), *quoting Lawrence National Bank v. Edmonds (In re Edmonds)*, 924 F.2d 127, 180 (10th Cir. 1991).

The Plaintiffs, having acknowledged the deficiencies of their Complaint, also provided in their response a number of additional allegations that they would like to include in an Amended Complaint, including specific instances of false claims. The Defendants contend that these allegations are still insufficient because they fail to address elements vital to the claims under the False Claims Act. The Court, however, finds that in light of the additional information Plaintiffs have provided, amendment would not be futile. Plaintiffs shall therefore be given fourteen days to file an Amended Complaint.

## CONCLUSION

Consequently, IT IS ORDERED that the Defendant Homebased Services & Resources, Inc.'s Motion to Dismiss [Docket No. 25] is hereby GRANTED, and that the Plaintiffs may file an Amended Complaint within fourteen days.

**DATED** this 30th day of November, 2018.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma