UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) UNITED STATES OF AMERICA, ) | |
| (2) STATE OF OKLAHOMA, ) | |
| (3) ex rel. TONY AND TINA AVALLONE, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | CASE NO. 17-CV-00156-SPS |
| ) | |
| (1) HOMEBASED SERVICES AND ) | JURY TRIAL DEMANDED |
| RESOURCES., an Oklahoma ) | |
| Corporation, and ) | |
| (2) AMY KESNER, Ph.D., ) | QUI TAM |
| Defendants. ) | |

**RELATORS'/PLAINTIFFS' AMENDED MOTION PURSUANT TO
31 U.S.C. § 3730(b)(1) TO VOLUNTARILY DISMISS WITHOUT PREJUDICE**

Relators/Plaintiffs Tony and Tina Avallone move this Court to dismiss their claims against HomeBased Services and Resources, Inc. ("HomeBased") and Amy Kesner, Ph.D. ("Kesner") (collectively the "Defendants") without prejudice pursuant to 31 U.S.C. § 3730(b)(1) and 63 Okl. Stat. § 5053.2(b)(1). In support of this Motion, Relators/Plaintiffs would state the following:

1. 31 U.S.C. § 3730(b)(1) provides: "The [qui tam] action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting."

2. 63 Okl. Stat. § 5053.2(b)(1) provides: "The [qui tam] action may be dismissed only if the court and the Attorney General give written consent to the dismissal and state the reasons for consenting."

3. The Tenth Circuit Court of Appeals requires the government to (1) identify a valid purpose for dismissal and (2) show a rational relationship between dismissal and that purpose. *See Ridenour v. Kaiser-Hill Co.,* 397 F.3d 925,935 (10th Cir. 2005) The relationship must be

"plausible" or "arguable." *Ridenour,* at 937.

4. While 31 U.S.C. § 3730(b)(1) and 63 Okl. Stat. § 5053.2(b)(1) do not require the Relators/Plaintiffs to seek consent from the Defendants herein, Relators/Plaintiffs have sought consent from HomeBased to dismiss this action without prejudice. To date, HomeBased has not given its consent. Kesner filed bankruptcy and thus stayed this action as to herself, and while it is believed this bankruptcy has been discharged, she has not retained counsel in this matter.

5. Consent from the Attorney General of the United States and the Attorney General of the State of Oklahoma is required and this Court has requested this consent pursuant to its minute order dated May 28, 2019, Dkt. # 52, within the next fourteen (14) days.

6. Absent language from the Tenth Circuit regarding the standards to be applied when considering a 31 U.S.C. § 3730(b)(1) motion, Relators/Plaintiffs suggest this Court look to standards applicable to a Fed.R.Civ.P. 41(a)(2) motion for voluntary dismissal. The Fifth Circuit in *Bechuck v. Home Depot U.S.A., Inc.,* 814 F.3d 287, 298-299 (5th Cir. 2016), where defendant objected to the granting of the motion because of the possibility of forum shopping by the plaintiff, the court discussed possible conditions for a Rule 41(a)(2) voluntary dismissal:

> "By its very language 41(a)(2) gives the court power to grant or deny a motion made under the rule and 'upon such terms and conditions as the court deems proper'." "[We] follow the traditional principle that dismissal should be allowed unless the defendant will suffer some plain prejudice other than the mere prospect of a second lawsuit." Thus, "[t]he purpose of authorizing the court to place conditions on a voluntary dismissal is to prevent unfair prejudice to the other side in the case."
>
> "In ruling on motions for voluntary dismissals, the district court should impose only those conditions which will alleviate the harm caused to the defendant." Typical examples of permissible conditions include payment of costs and attorney's fees. Other conditions could include "making available to defendant at second suit certain records, producing certain witnesses at trial, and paying one-half cost of defendant bring in other witnesses."

> In contrast, a condition limiting the plaintiff's right to refile to the original forum is 'not the type usually found in Rule 41(a)(2) dismissals.' Instead of concerns about cost or reproducing discovery, the "only alleged prejudice in this case, upon refiling, 'absent the forum limitation imposed by the district court, is that "plaintiffs may gain a tactical advantage.' Yet, '[i]t is no bar to dismissal that plaintiff may obtain some tactical advantage by dismissing its suit without prejudice and refiling in another forum in not sufficient legal prejudice to justify denying a motion for voluntary dismissal.'"
>
> If the possibility of tactical advantage does not justify the denial of a voluntary dismissal, likewise the possibility of tactical advantage should not justify the imposition of a refiling condition. In sum, the potential for forum-shopping does not count as legal prejudice.

(citations and footnotes omitted).

7. Relators/Plaintiffs seek to voluntarily dismiss this matter without prejudice because:

   a. This is a complicated qui tam action;

   b. Following the required interview of the Relators/Plaintiffs by the United States Attorney General for the Eastern District of Oklahoma and the State of Oklahoma Attorney General's Office, a request was made by Michael Cooper with the U.S. Attorney General's office for the Eastern District of Oklahoma to review the more than 4,000 pages of documents which Relators/Plaintiffs had in their possession to support their claims. These documents were delivered to Jimmy Knox with the State of Oklahoma Attorney General's office on or about July 1, 2017. Whie counsel for the Relators/Plaintiffs believes these documents were delivered in hard copy, it is possible an electronic disc with these documents on it was delivered instead. For many months, counsel for Relators/Plaintiffs has been unable to locate these documents. After multiple phone calls and email exchanges, a disc containing copies of these documents was finally located by the State of Oklahoma

Attorney General's office on or about May 22, 2019, and that disc was retrieved from the State of Oklahoma Attorney General's office on May 23, 2019.

c. Without these documents, Relators/Plaintiffs have been unable to respond to discovery requests and other deadlines established by the Court's Scheduling Order.

d. On April 25th, 2019, counsel's associate did send by email to opposing counsel an electronic copy of Relators'/Plaintiff's un-revised Discovery Responses containing several hundred pages of production that counsel was in possession of apart from those which had been missing. Counsel's associate did ask opposing counsel for permission to provide a polished version later with a verification from the Relators/Plaintiffs as the Relators/Plaintiffs reside a great distance from counsel. Opposing counsel agreed.

e. On May 7th, 2019, counsel's associate did provide a polished and formatted electronic copy of the Relators'/Plaintiffs' Discovery Responses by email. The substantive content was unchanged from the initial responses. A verification was received from Relators/Plaintiffs and sent to opposing counsel on May 17th, 2019.

f. On May 13, 2019, HomeBased sent by email, following discussions with counsel for the Relators/Plaintiffs, a proposed Joint Motion to Extend Scheduling Order Deadlines. Counsel for Relators/Plaintiffs reached out to the Relators/Plaintiffs to discuss these scheduling changes.

g. On May 20, 2019, after preparing the Joint Motion to Extend Scheduling Order Deadlines, by letter, counsel for HomeBased advised that they were now unwilling

to extend the deadlines in this matter. Furthermore, requests to change the date of the Settlement Conference herein was also being denied by HomeBased.

 h. On May 23, 2019, HomeBased filed its own Motion to Dismiss this matter pursuant to F.R.C.P. 41(b). In that motion, HomeBased claims (1) it will be prejudiced in this matter because Plaintiff's have "failed to provide Defendants with witness and exhibit lists" which "significantly hinders Defendants' ability to prepare a defense to Plaintiffs' claims, thus causing serious prejudice to Defendants; (2) Plaintiffs' delays "cause[] substantial interference with the judicial process"; (3) Plaintiffs are culpable for not disclosing their witnesses and exhibits; (4) Defendant advised Plaintiffs' counsel May 23, 2019, of its intent to file its Motion to Dismiss pursuant to F.R.C.P. 41(b); and (5) Plaintiffs failed to provide a Settlement Conference Statement to the court in a timely manner.

 i. It should be noted that a F.R.C.P. 41(b) motion is inappropriate in this case.

 j. It should be noted that HomeBased did receive the F.R.C.P. 26(a) disclosures from Relators/Plaintiffs on September 27, 2018, which outlined the preliminary lists of witnesses and exhibits.

 k. Relators/Plaintiffs did not provide a Settlement Conference Statement to the court in a timely manner because they sincerely believed a joint motion to extend all deadlines was going to be filed herein.

 l. Counsel for Relators/Plaintiffs have in good faith attempted to resolve these issues with HomeBased. Counsel for HomeBased has repeatedly led counsel for Relators/Plaintiffs to believe they were working together in good faith on these

matters, only to learn that HomeBased has laid in waiting to only refuse each proposal made by Relators/Plaintiffs at the last minute.

m. Relators/Plaintiffs have not demonstrated any bad faith in this case and they respectfully ask this Court to allow them to dismiss this matter without prejudice.

n. In the alternative, Relators/Plaintiffs would ask this Court to extend the pending deadlines in this case.

Respectfully submitted,

*/s/Jean Walpole Coulter*
Jean Walpole Coulter, OBA #9324
Jean Walpole Coulter & Associates, Inc.
406 South Boulder Ave., Suite 712
Tulsa, Oklahoma 74103
(918) 583-6394
(918) 583-6398 FAX

**ATTORNEY FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

I, Jean Walpole Coulter, do hereby state that I did cause a true and correct copy of the foregoing document to served upon the following individual this 30th day of May, 2019, using the Court's ECF system:

R. Blaine Nice

*s/Jean Walpole Coulter*
Jean Walpole Coulter