# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> STATE OF OKLAHOMA, ex rel. ) <br> TONY AND TINA AVALLONE, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> HOMEBASED SERVICES & ) <br> RESOURCES, INC., and AMY ) <br> KESNER, ) <br> ) <br> Defendants. ) | Case No. CIV-17-156-SPS |

## OPINION AND ORDER

This matter comes before the Court on competing motions for dismissal. Defendant Homebased Services & Resources, Inc. ("HSR") seeks dismissal with prejudice pursuant to Fed. R. Civ. P. 41(b) for failure to prosecute by the Plaintiffs/Relators Tony Avallone and Tina Avallone. The Avallones seek dismissal *without* prejudice pursuant to 31 U.S.C. § 3730(b)(1) and 63 Okla. Stat. § 5053.2(b)(1), and alternatively, under Fed. R. Civ. P. 41(a)(2). For the reasons set forth below, the Court finds that the Relators'/Plaintiffs' Amended Motion Pursuant to 31 U.S.C. § 3730(b)(1) to Voluntarily Dismiss Without Prejudice [Docket No. 53] should be hereby **GRANTED,** that the Defendant Homebased Services & Resources, Inc.'s Motion to Dismiss [Docket No. 49] should be **DENIED** to the extent that it seeks dismissal with prejudice (but otherwise **GRANTED**), and that the case should be dismissed without prejudice.

## ANALYSIS

In this *qui tam* action pursuant to the federal False Claims Act, 31 U.S.C. § 3729, the Avallones allege that they became therapeutic foster care parents in 2012 and that HSR and the Defendant Amy Kesner submitted false claims in connection therewith to Medicaid through the Oklahoma Department of Human Services. *See* Docket No. 42. The parties agree that the action should be dismissed but dispute the terms upon which such dismissal should be granted. HSR contends that the case should be dismissed with prejudice because the Avallones failed to prosecute it appropriately, *e. g.*, they failed to meet court-ordered deadlines for providing witness/exhibit lists and a written settlement offer in preparation for settlement conference. The Avallones contend that Fed. R. Civ. P. 41(b) does not apply to *qui tam* actions, and that dismissal is governed by statute, *i. e.*, 31 U.S.C. § 3730(b)(1) and 63 Okla. Stat. § 5053.2(B)(1), both of which provide that a *qui tam* action "may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting." The Court notes that neither statute precludes application of Fed. R. Civ. P. 41(b) or dismissal with prejudice generally in any event.[1] Perhaps noting this flaw in their argument, the Avallones alternatively seek dismissal without prejudice pursuant to Fed. R. Civ. P. 41(a)(2), which provides in pertinent part that an "action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. [] Unless the order states otherwise, a dismissal under this

---

[1] The United States of America and the State of Oklahoma have consented to dismissal of the action without prejudice as to their own rights but have taken no position as to the terms of dismissal with regard to the Avallones. *See* Docket Nos 54, 56.

paragraph (2) is without prejudice." In support they contend that this is a complicated case, that they had difficulty obtaining discovery documents from the State (which the State denies, *see* Docket No. 56), and that there was miscommunication regarding a proposed extension of deadlines in the case. Assuming *arguendo* that Fed. R. Civ. P. 41(b) *is* applicable, the Avallones also contend that dismissal with prejudice would be inappropriate because they have conferred in good faith throughout, HSR has suffered no prejudice, and any scheduling issues can be resolved by granting the alternative relief requested in their Amended Motion to Dismiss.

The Court finds that this action should be dismissed *without* prejudice. *See* Fed. R. Civ. P. 41(a)(2) ("Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice."). *See also AdvantEdge Business Group v. Thomas E. Mestmaker & Associates, Inc.*, 552 F.3d 1233, 1236 (10th Cir. 2009) ("When dismissing a case without prejudice, 'a district court may, without abusing its discretion, enter such an order without attention to any particular procedures.'"), *quoting Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1161 (10th Cir. 2007). Dismissal *with* prejudice "is a harsh remedy, and the district court should ordinarily first consider certain criteria[,]" *AdvantEdge,* 552 F.3d at 1236, including "(1) the degree of actual prejudice to the other party; (2) the amount of interference with the judicial process; (3) the litigant's culpability; (4) whether the court warned the party in advance that dismissal would be a likely sanction for noncompliance; and (5) the efficacy of lesser sanctions." *Ecclesiastes 9:10-11-12, Inc. v. LMC Holding Co.*, 497 F.3d 1135, 1143-1144 (10th Cir. 2007), *citing Ehrenhaus v. Reynolds*, 965 F.2d 916, 921 (10th Cir. 1992). Such factors simply do not militate in favor of dismissal with

prejudice in this case, and the Court therefore finds that dismissal with prejudice would be inappropriate. The Court may however, consider imposing the costs of this action upon the Avallones should they choose to refile in the future.

## CONCLUSION

Consequently, IT IS ORDERED that the Relators'/Plaintiffs' Amended Motion Pursuant to 31 U.S.C. § 3730(b)(1) to Voluntarily Dismiss Without Prejudice [Docket No. 53] is hereby **GRANTED**, and the preceding Relators'/Plaintiffs' Motion Pursuant to Fed. R. Civ. P. 41(a)(2) to Voluntarily Dismiss without Prejudice [Docket No. 50] is hereby **DENIED** as moot. The Defendant Homebased Services & Resources, Inc.'s Motion to Dismiss [Docket No. 49] is hereby **DENIED** to the extent that it seeks dismissal with prejudice but otherwise **GRANTED**. The above-styled action is accordingly hereby **DISMISSED WITHOUT PREJUDICE.**

**DATED** this 3rd day of July, 2019.

Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma